# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>**FRANCISCO LEYVA VILLAPUDUA,**<br><br>　　　　　　　Defendant. | 8:18CR166<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), ECF No. 63.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

Defendant Francisco Leyva Villapudua pled guilty to Count I of the Information, charging a violation of Title 21 U.S.C. § 841(a)(1) and § 841(b)(1). He had the benefit of an interpreter at all stages of the proceedings. He completed a plea petition, ECF No. 52, and plea agreement, ECF No. 53, in which he acknowledged that he had ample time to talk with his attorney; he was satisfied with his representation; he understood his

range of imprisonment to be not less than five years and up to forty years; and no one had made any promises that caused him to plead guilty other than the promises in the plea agreement.

At the time of the plea, on February 4, 2019, the Defendant again acknowledged that he understood the statutory penalty range; that he understood the Court could sentence above or below the guideline range; and that no promises had been made to induce him to enter his plea of guilty other than those contained in the written plea agreement. In his plea agreement, he waived his rights of appeal and collateral attack, with certain exceptions, including a claim of ineffective assistance of counsel. ECF No. 53, Page ID 86. He also acknowledged the waiver of the right of appeal at the time of his plea.

The Defendant was sentenced on April 8, 2019, to a term of 70 months incarceration and five years of supervised release. He received a three-level role reduction; the benefit of a cap on his base offense level pursuant to U.S. Sentencing Guideline (U.S.S.G.) § 2D1.1(a)(5); and was sentenced at the lowest end of the applicable guideline range.

The Defendant now contends his counsel was ineffective, because she led him to believe his term of incarceration would be less than 70 months; she led him to believe he would receive a two-level reduction in his base offense level pursuant to the safety

valve[1]; she led him to believe he would receive a departure for substantial assistance pursuant to U.S.S.G. § 5K1.1[2]; and she failed to file an appeal on his behalf.[3]

## DISCUSSION

To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

The Defendant's Motion is timely, and it is his first such motion. Although the Defendant's assertions appear incredible from the record in this case, the Court will require the Government to respond to the Defendant's claims.

Accordingly,

IT IS ORDERED:

---

[1] 18 U.S.C. § 3553(f)(1)-(5); U.S.S.G. §§ 2D1.1(18), 5C1.2.

[2] The Defendant refers to § 5K3.1, which appears to be an error.

[3] The Defendant's Motion purports to assert four grounds for relief. The grounds as listed by the Court herein are not set out separately in the Motion but intermingled throughout.

3

1. On or before September 27, 2019, the Government will respond to the Defendant's claims of ineffective assistance of counsel, specifically that the Defendant's counsel led him to believe his term of incarceration would be less than 70 months; led him to believe he would receive a two-level reduction in his base offense level pursuant to the safety valve; led him to believe he would receive a departure for substantial assistance pursuant to U.S.S.G. § 5K1.1; and failed to file an appeal on his behalf;
2. The Government's response should include an affidavit from the Defendant's counsel, and/or a request for evidentiary hearing; and
3. The Clerk will send a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 5th day of September 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge