# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCO LEYVA VILLAPUDUA,<br><br>　　　　Defendant. | 8:18CR166<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), ECF No. 63.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

Defendant Francisco Leyva Villapudua pled guilty to Count I of the Information, charging a violation of Title 21 U.S.C. § 841(a)(1) and § 841(b)(1). He had the benefit of an interpreter at all stages of the proceedings. He completed a plea petition, ECF No. 52, and plea agreement, ECF No. 53, in which he acknowledged that he had ample time to talk with his attorney; he was satisfied with his representation; he understood his range

of imprisonment to be not less than five years and up to forty years; and no one had made any promises that caused him to plead guilty other than the promises in the plea agreement.

At the time of the plea, on February 4, 2019, the Defendant again acknowledged that he understood the statutory penalty range; that he understood the Court could sentence above or below the guideline range; and that no promises had been made to induce him to enter his plea of guilty other than those contained in the written plea agreement. In his plea agreement, he waived his rights of appeal and collateral attack, with certain exceptions, including a claim of ineffective assistance of counsel. ECF No. 53, Page ID 86. He also acknowledged the waiver of the right of appeal at the time of his plea.

The Defendant was sentenced on April 8, 2019, to a term of 70 months incarceration and five years of supervised release. He received a three-level role reduction; the benefit of a cap on his base offense level pursuant to U.S. Sentencing Guideline (U.S.S.G.) § 2D1.1(a)(5); and was sentenced at the lowest end of the applicable guideline range.

The Defendant now contends his counsel was ineffective, because she led him to believe his term of incarceration would be less than 70 months; she led him to believe he would receive a two-level reduction in his base offense level pursuant to the safety valve[1];

---

[1] 18 U.S.C. § 3553(f)(1)-(5); U.S.S.G. §§ 2D1.1(18), 5C1.2.

she led him to believe he would receive a departure for substantial assistance pursuant to U.S.S.G. § 5K1.1[2]; and she failed to file an appeal on his behalf.[3]

The Court ordered the Government to respond to the Defendant's allegations, and the Government submitted its Answer, ECF No. 67, and Index of Evidence, ECF No. 68, on October 11, 2019. The Index of Evidence includes an affidavit from the Defendant's counsel, Deborah Cunningham, ECF No. 68-1, in which she states under oath that she never led the Defendant to believe his term of incarceration would be less than 70 months, and in fact she advised him that his sentence would likely be in the 87-108 month range following a plea; that he chose not to complete a proffer interview or cooperate with the Government after she advised him of the prerequisites for safety valve eligibility and/or a departure for substantial assistance; and that after sentencing the Defendant told her he did not wish to appeal.

The Court gave the Defendant until November 1, 2019, to submit a reply to the Government's Answer and Index of Evidence, and, if he disputed any factual assertions in the affidavit and requested an evidentiary hearing, to specify which facts remained in dispute. The Defendant has submitted no reply to the Answer and no request for any evidentiary hearing.

## DISCUSSION

To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v.*

---

[2] The Defendant refers to § 5K3.1, which appears to be an error.

[3] The Defendant's Motion purports to assert four grounds for relief. The grounds as listed by the Court herein are not set out separately in the Motion but intermingled throughout.

*Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

A § 2255 petitioner is "entitled to an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief.'" *Dat v. United States*, 920 F.3d 1192, 1193–94 (8th Cir. 2019) (quoting 28 U.S.C. § 2255(b)). "A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Id.* at 1194 (quoting *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)).

Accepting Villapudua's first three allegations as true, he fails to state an ineffective assistance claim. Villapudua alleges that Cunningham led him to believe that, in one manner or another, he would be sentenced to a term less than the 70 months he ultimately received. If true, such statements would only satisfy the performance prong of the *Strickland* test. In order to satisfy the prejudice prong, "the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Matthews v. United*

4

*States*, 114 F.3d 112, 114 (8th Cir. 1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)).

Nowhere does Villapudua allege that he would not have pled guilty and instead would have insisted on going to trial if he had been properly informed. Even if he had so alleged, there is "abundant circuit precedence holding that inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009). The plea agreement Villapudua signed informed him that the crime to which he pled guilty carries a maximum penalty of 40 years in prison. ECF No. 53 at 2. The Sentencing Recommendation provided by Probation and Pretrial Services, and shared with Villapudua prior to sentencing, recommended a sentence of 70 months incarceration. The Presentence Investigation Report, also shared with Villapudua prior to sentencing, stated that the crime to which Villapudua pled guilty carried a sentence of 5–40 years incarceration. Therefore, any deficient performance by counsel did not prejudice Villapudua, and he fails to establish a claim of ineffective assistance of counsel.

Finally, Villapudua's claims regarding his counsel's failure to appeal are inherently incredible. In order to state a claim of ineffective assistance of counsel for failure to file a notice of appeal, a petitioner must allege that he made his desire to appeal known and that his counsel failed to act upon that desire. *Barger v. United States*, 204 F.3d 1180, 1181–82 (8th Cir. 2000) ("[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to

5

section 2255 relief . . . . For such a claim to succeed, however, [a petitioner] must show that she instructed her counsel to file an appeal."). Villapudua alleges that his attorney promised him that she would file his appeal paperwork, ECF No. 63 at Page ID # 121, 123–24. He also alleges that his attorney never discussed his right to appeal with him "in any way," ECF No. 63 at Page ID # 122–23. Thus, Villapudua's contradictory allegations, both of which are inconsistent with the record of proceedings, fail to assert a claim of ineffective assistance of counsel due to his attorney's failure to file a notice of appeal.

A petitioner under § 2255 may not appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability will not be granted unless the movant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To show this denial, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Defendant has made no such showing, and no certificate of appealability will be issued.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 63, is denied;
2. No certificate of appealability will be issued;
3. A separate Judgment will be entered; and

4. The Clerk will send a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 12th day of November, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge