IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> FRANCISCO LEYVA-VILLAPUDUA , <br><br> Defendant. | 8:18-CR-166 <br><br> ORDER ON MOTION UNDER 18 U.S.C. § 3582(C)(1)(A)(I) |

This matter is before the Court on Defendant Francisco Leyva-Villapudua's Motion Under 18 U.S.C. § 3582(c)(1)(A)(i), which includes a request for leave of court. Filing 76. The Motion asks the Court to reduce Defendant's sentence. It is unclear to the Court if this request is related to Defendant's September 16, 2022, Motion for Compassionate Release, which the Court denied on November 18, 2022, Filing 74. Besides outlining Defendant's rehabilitation efforts, the present Motion presents the exact same reasons why Defendant is entitled to a reduced sentence as his prior Motion for Compassionate Release. *Compare* Filing 72, *with* Filing 76.

In any event, Defendant's Motion will be denied. The Court has already determined that the effects of Covid-19, the short time left on Defendant's sentence, and the fact that Defendant is subject to deportation are not "extraordinary and compelling" reasons warranting a sentence reduction. Filing 74 at 3–4; 18 U.S.C. § 3582(c)(1)(A). Defendant's rehabilitation efforts, while commendable, do not alter this conclusion. *See United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020) (agreeing with the district court that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" (quoting 28 U.S.C. § 994(t)).

1

The Court also reiterates its prior conclusion that a sentence reduction would be contrary to the factors under 18 U.S.C. § 3553(a).[1] Defendant received a within-guidelines sentence for transporting a significant quantity of illegal drugs. Even though Defendant states he will be released from prison soon, a sentencing reduction would be contrary to "the seriousness of the offense." *Id.*

Finally, to the extent Defendant is requesting leave of court in relation to the present Motion, that request is denied as moot. Accordingly,

IT IS ORDERED THAT Defendant's Motion Under 18 U.S.C. § 3582(c)(1)(A)(i), Filing 76, is denied.

Dated this 12th day of December, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge

---

[1] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6).